IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEVERLY PETERS and TIM PETERS, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDICAL MUTUAL OF OHIO, RESERVE NATIONAL INSURANCE COMPANY, KEMPER CORPORATION, and UNITED INSURANCE COMPANY OF AMERICA,<br><br>Defendants. | Case No. 1:24-cv-6949<br>Hon. Jeffrey I. Cummings |

**OPPOSED KEMPER CORPORATION'S AND UNITED INSURANCE COMPANY OF AMERICA'S MOTION TO STAY DISCOVERY AS TO THEM PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

Defendants Kemper Corporation and United Insurance Company of America ("United Insurance") (collectively, "Kemper Defendants") respectfully request this Court issue an Order staying discovery against them until the Court resolves their pending Motion to Dismiss. (ECF Nos. 39 & 40.) In support of this Motion to Stay Discovery, the Kemper Defendants state the following.

**BACKGROUND**

Plaintiffs filed their initial Class Action Complaint on August 7, 2024, relevantly alleging "Kemper Life & Health Company" breached the terms of Plaintiffs' policy because its former subsidiary—Reserve National Insurance Company ("Reserve National")—terminated Plaintiffs' policy over two weeks after the Kemper Defendants sold Reserve National to Medical Mutual of Ohio ("Medical Mutual"). (*See* ECF No. 1.) After United Insurance filed its Rule 12(b)(6) motion to dismiss for failure to state a claim against a legal entity, Plaintiffs filed their Amended Class Action Complaint. (ECF Nos. 24 & 27.) Plaintiffs Amended Class Action Complaint added both

the Kemper Defendants to this proceeding and, as to them, asserted claims for fraudulent suppression (Count II), vexatious and unreasonable denial of benefits (Count III), and conspiracy (Count IV). (ECF No. 27.) Plaintiffs seek to certify a class of up 30,000 allegedly affected other insureds throughout the United States because of the Kemper Defendants' allegedly improper conduct. (*See* ECF No. 27, ¶¶ 38, 44–52.) Count I of Plaintiffs' Amended Complaint is for breach of contract, and it is only directed at Reserve National—not the Kemper Defendants. Plaintiffs do not seek preliminary injunctive relief.

The Kemper Defendants and Reserve National and Medical Mutual filed separate Rule 12(b)(6) motions to dismiss in January 2025, separately seeking dismissal of Counts II through IV of the Amended Complaint. (ECF Nos. 33 & 40.) Reserve National also moved to dismiss Plaintiff's good faith and fair dealing claim in Count I—but Reserve National did not move to dismiss Count I's breach of contract claim. (ECF No. 33, pp. 5–6.) The Defendants' motions to dismiss are now fully briefed and awaiting the Court's ruling. (*See* ECF Nos. 42, 43 & 44.)

As further explained in the Kemper Defendants' Motion to Dismiss, Plaintiffs' claims against them are meritless and should be dismissed with prejudice. Plaintiffs allege, in short, the Kemper Defendants are liable for actions taken by Plaintiffs' insurer—their former subsidiary—weeks after they sold the subsidiary (Reserve National) to a different insurance company (Medical Mutual). The Kemper Defendants did not issue Plaintiffs' policies. Plaintiffs provide no plausible basis for their belief that the Kemper Defendants were involved in the termination of their policies. Considering these dispositive pleading deficiencies, the Kemper Defendants bring this Motion to Stay Discovery while the Court resolves their pending Motion to Dismiss each of Plaintiffs' claims against them.

Accordingly, to conserve the parties' resources, the Kemper Defendants respectfully request the Court issue an Order staying discovery pending the resolution of their Motion to Dismiss so that the parties can have a clear vision of what (if any) claims survive against the Kemper Defendants and what—surely expensive and expansive—discovery (if any) is needed against them. No prejudice will result to any party should the Court grant this relief.

## LAW AND ARGUMENT

While the Kemper Defendants' Motion to Dismiss "does not automatically stay discovery," the Court nevertheless "has broad discretion in managing" the course of discovery in this class action proceeding. *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (citations omitted). In deciding whether to stay discovery while resolving a pending motion to dismiss, the Court may consider: (1) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party," (2) "whether a stay will simplify the issues in question and streamline the trial," and (3) "whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (citing *Sadler v. Retail Properties*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (collecting cases)). Such stays are appropriate when "discovery may be especially burdensome and costly to the parties." *Id.* (citing *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008)); *see also Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) ("Numerous cases in this circuit have even allowed stays in the face of a Rule 12(b)(6) challenge.").

The temporary nature of staying discovery while awaiting the resolution of a motion to dismiss a class action complaint weighs in favor of ordering a stay. *See, e.g.*, *Calderon v. Procter & Gamble Co.*, No. 22-CV-3326, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022) ("Plaintiff articulates no specific prejudice she would suffer if there is a short stay of discovery during the

3

pendency of the motion to dismiss [plaintiff's class action complaint]."); *Rodriguez*, 2022 WL 704780, at *1 (similar).

Weighing these factors here reveals that staying discovery as to the Kemper Defendants is appropriate considering the lack of prejudice to Plaintiffs, the potential to allow for simpler and narrower discovery, and the risk of imposing an expensive, time-consuming burden on the Kemper Defendants all for naught should the Court grant their pending Motion to Dismiss.

**I.      Staying discovery will not prejudice Plaintiffs.**

"The general prejudice of having to wait for a resolution is not a persuasive reason to deny" a motion to stay discovery. *See Rodriguez*, 2022 WL 704780, at *1 (citing *Medline Industries, Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019)); *see also Calderon*, 2022 WL 20742696, at *1 (similar). There are no documents or witnesses that will become unavailable while the Court evaluates the Kemper Defendants' Motion to Dismiss. Moreover, the Kemper Defendants are on notice of the litigation in this matter and are obligated to not destroy responsive documents, to the extent such documents exist. *See* Fed. R. Civ. P. 37. This lack of prejudice is underscored by Plaintiffs being able to proceed on—at least—their breach of contract claim against Reserve National while the Court resolves the Kemper Defendants' Motion to Dismiss.

Finally, Plaintiffs' claims seek no immediate injunctive relief as to the Kemper Defendants, thereby demonstrating no prejudice to Plaintiffs should the Court stay discovery as to the Kemper Defendants' pending resolution of their Motion. *See, e.g.*, *Rodriguez*, 2022 WL 704780, at *1; *Calderon*, 2022 WL 20742696, at *1 ("Plaintiff also does not seek a preliminary injunction against Defendant, further demonstrating that a delay at this stage would not significantly prejudice Plaintiff." (citing *C.R. Bard, Inc.*, 2019 WL 10948865, at *2)).

**II.     Staying discovery as to the Kemper Defendants will simplify the issues in this proceeding.**

The Kemper Defendants moved to dismiss each of Plaintiffs' three claims against them. (*Compare* ECF No. 27, *with* ECF No. 40.) Should the Court dismiss any of Plaintiffs' claims as to the Kemper Defendants, it will "mak[e] discovery unnecessary, or, at least narrow[] its scope." *See Rodriguez*, 2022 WL 704780, at *2. The fact that granting the Kemper Defendants' Motion to Dismiss "could potentially be dispositive weighs in favor of staying discovery." *Id.*, at *1 (citing *Bilal*, 2007 WL 1687253, at *1); *see also Calderon*, 2022 WL 20742696, at *2 ("[I]n considering a request to stay, the Court considers the fact that Defendant's arguments may be dispositive, rendering discovery unnecessary or at least narrowing its scope.").

Weighing in favor of issuing a discovery stay is particularly true where the Court can resolve at least one of Plaintiffs' claims—Counts III (215 ILCS 5/155)—entirely on the law. *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming discovery stay pending resolution of motion to dismiss turning "on what is essentially a legal issue"). Since Plaintiffs do not allege the Kemper Defendants sold insurance to the them—and United Insurance sold Plaintiffs' insurer, Reserve National, to Medical Mutual over two years ago—no set of facts can state a claim against the Kemper Defendants for "vexatious or unreasonable denial of benefits" by an insurer under 215 ILCS 5/155. (*See* ECF No. 44, pp. 7–8.)

Plaintiffs' fraud and conspiracy claims against the Kemper Defendants are equally deficient. Plaintiffs concede there is no untrue statement of historical fact made by the Kemper Defendants and merely argue—without any compelling authorities—that the former owner of an insurance company had a duty to speak to policyholders of the insurer after it was sold to another company. (*See* ECF No. 42, pp. 8–12.) There is no statute or case to support such a duty. Plaintiffs have therefore not come close to stating a fraud claim, which is the underlying tort that they claim

5

to be the predicate for their conspiracy claim. Accordingly, each of Plaintiffs' counts against the Kemper Defendants are likely to be dismissed.

### III. The burden of responding to potentially unnecessary class action discovery is significant.

As to the Kemper Defendants, Plaintiffs' Amended Complaint seeks to certify a class of up to 30,000 insureds throughout the United States based on three theories of liability. (*See* ECF No. 27, ¶¶ 38, 44–52.) The breadth of Plaintiffs' claims counsels in favor of staying discovery pending resolution of the Kemper Defendants' Motion: "Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss." *Rodriguez*, 2022 WL 704780, at *2 (collecting cases); *Calderon*, 2022 WL 20742696, at *2.

Plaintiffs will undoubtedly seek discovery from the Kemper Defendants related to proving their theory that the Kemper Defendants "conspired to terminate all of Reserve National's ported policies and Group Certificate health coverage as part of its sale to Medical Mutual; thereby, substantially reducing the liabilities acquired by Medical Mutual." (ECF No. 27, ¶ 4.) This discovery will almost certainly concern (at least) (1) communications exchanged (a) amongst the Kemper Defendants and (b) between the Kemper Defendants and Reserve National and Medical Mutual, (2) fact and corporate witness testimony concerning the negotiation and nature of the terms and conditions of the Kemper Defendants' sale of Reserve National to Medical Mutual, (3) sensitive personal and medical information related to potentially 30,000 other insureds from throughout the United States, and (4) investigations in order to answer detailed interrogatories.

Producing this discovery will be expensive; and it will be time consuming. Accordingly, this factor weighs in favor of staying discovery pending resolution of the Kemper Defendants' Motion. *See Calderon*, 2022 WL 20742696, at *2 (staying discovery pending resolution of motion

to dismiss nationwide class action complaint to avoid "expensive and time consuming" discovery (citing *Rodriguez*, 2022 WL 704780, at *2)).

Even a partial ruling in the Kemper Defendants' favor (e.g., determining 215 ILCS 5/155 does not apply to the Kemper Defendants because they never insured Plaintiffs) "could greatly affect the cost and scope of discovery taken[.]" *Rodriguez*, 2022 WL 704780, at *2. Accordingly, the burden of expensive and expansive nationwide class action discovery counsels in favor of issuing a stay pending resolution of the Kemper Defendants' Motion.

## CONCLUSION

For the foregoing reasons, the Kemper Defendants respectfully request the Court grant their request to stay discovery against them pending resolution of their Motion to Dismiss each of Plaintiffs' claims against them.

## COMPLIANCE WITH LOCAL RULE 37.2 AND CHAMBER'S RULES

The undersigned states that after consultation via telephone and a good faith attempt to resolve the differences discussed herein, counsel in this matter have been unable to reach an accord. This telephone discussion occurred on March 5, 2025 at 4:00 PM CT between Matthew T. Furton (for Kemper Defendants) and Courtney C. Gipson (for Plaintiffs). Plaintiff opposes the relief sought herein and intends to file a written response. The parties propose that Plaintiffs' Response to this Motion be due by March 12, 2025, with the Kemper Defendants' Reply due by March 19, 2025.

Dated: March 5, 2025             Respectfully submitted,

                                                     KEMPER CORPORATION and UNITED INSURANCE COMPANY OF AMERICA

                                                     By: /s/ Matthew T. Furton
                                                     Matthew T. Furton
                                                     Brian I. Hays
                                                     Joshua A. Skundberg

                                              Troutman Pepper Locke LLP
                                              111 South Wacker Drive
                                              Chicago, Illinois 60606
                                              (312) 443-0700
                                              Matthew.Furton@troutman.com
                                              Brian.Hays@troutman.com
                                              Josh.Skundberg@troutman.com